NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

R & R THEATRE COMPANY, INC., Respondent.

No. 79–1021.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 23, 1980.

Decided Dec. 12, 1980.

Elliot Moore, Deputy Associate Gen. Counsel, Barbara Gehring, Allison Brown, N. L. R. B., Washington, D. C., Bernard Gottfried, Director Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Richard A. Leasia, Breskin & Gunsberg, Lawrence Breskin, Detroit, Mich., for respondent.

Before BROWN and MARTIN, Circuit Judges, and REED, District Judge.*

PER CURIAM.

This case is before the Court on application of the National Labor Relations Board for enforcement of its order against the R & R Theatre Company, Inc. The Board found that the Company violated § 8(a)(3) and (1) of the Labor–Management Relations Act, 29 U.S.C. 158(a)(3), by refusing to employ job applicant Gus Nicholas because he was a member of and was represented by the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada. The Board's order requires the Company to cease and desist from the unfair labor practices and from in any other manner interfering with, restraining, or coercing employees on the exercise of their rights under § 7 of the Act. The order further requires the Company to take the affirmative action of offering Nicholas immediate employment to a position at which he would have been employed had he not been discriminated against, or to a substantially equivalent position, and of posting the customary notices.

R & R Theatre Company contends that the findings of the Board are not supported by substantial evidence. More specifically, it contends that there is no evidence rebutting its assertion that the position Nicholas sought was a supervisory position, and that therefore an applicant for it is not protected by § 8(a)(3). Although the Administrative Law Judge indicated that an applicant for a supervisory position would be protected by the Act, he found that Nicholas was applying for a non–supervisory position and that the Company refused to hire him because of his membership in the Union.

We agree with the position of the R & R Theatre Company that there was no substantial evidence to support the conclusion reached by the Administrative Law Judge. The record indicates that the only position available was that of projectionist–manager, which we believe to be a position not protected under the Labor Management Relations Act. We believe that under *Universal Camera Corporation v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), that, taking the record of this case as a whole, we can find no support for the conclusion reached by the Board.

The motion of the National Labor Relations Board for enforcement is denied.